UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM B. CROCKETT III, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:23-CV-76-JD-JPK |
| WILLIAM ALBRIGHT, et al., | |
| Respondent. | |

OPINION AND ORDER

William B. Crockett III, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.¹ (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Crockett is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

¹ Mr. Crockett filed this action in the Southern District of Indiana, which transferred the case to this court on January 30, 2023. (ECF 28.) The docket reflects that Mr. Crockett paid the filing fee in full in the Southern District. (*See* ECF 11.)

Mr. Crockett's complaint is in places difficult to follow, but it can be discerned that he is suing the judge who presided over his criminal case, Judge William Albright, as well as the City of South Bend. He claims that these defendants violated his rights by allowing him to be convicted of murder in St. Joseph County under case number 71D01-0310-MR-00027. He claims he is not guilty and that he is being wrongfully incarcerated. He seeks $590 million in damages, immediate release from custody, and other relief.

Mr. Crockett cannot challenge the validity of his criminal conviction in this civil rights case, nor can he obtain release from custody. Instead, his sole remedy is through habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). He also cannot obtain an award of damages in connection with a wrongful conviction claim unless and until his conviction is reversed on appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477 (1994). There is no indication from the complaint that Mr. Crockett satisfies this requirement.

In fact, public records reflect that Mr. Crockett previously challenged his murder conviction in a federal habeas petition, which was denied.[2] *Crockett v. Warden*, No. 3:15-CV-384-RLM (N.D. Ind. closed July 31, 2017). In the past year he filed three successive habeas petitions challenging this same conviction without the express authorization of the Seventh Circuit as required by 28 U.S.C. § 2244(b)(3)(A). *Crockett v. Warden*, 3:23-CV-06-JD-MGG (N.D. Ind. filed Jan. 3, 2023); *Crockett v. Warden*, 3:22-CV-945-DRL-MGG (N.D. Ind. closed Nov. 21, 2022); *Crockett v. Warden*, 3:22-CV-003-JD-MGG (N.D. Ind.

---

[2] The court is permitted to take judicial notice of public records at the pleading stage. See FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

closed Feb. 28, 2022). In the most recent case, the court ordered him to show cause by February 3, 2023, why he should not be sanctioned for filing another unauthorized successive habeas petition after being warned by the court. *Crockett*, 3:23-CV-06-JD-MGG, ECF 3. He has not yet responded to that order.

It appears he may be trying to make an end-run around the orders issued in his habeas cases by repackaging his claims in an action under 42 U.S.C. § 1983. However, that avenue is barred by *Preiser* and *Heck*. Aside from those barriers, the judge cannot be held liable for damages for his rulings in Mr. Crockett's criminal case. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Nor has he alleged a plausible basis for imposing municipal liability against the City of South Bend. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Therefore, his complaint does not state a claim for relief and is subject to dismissal under 28 U.S.C. § 1915A. His motions seeking release from custody, an order exonerating him from the murder charge, and to obtain "fingerprint evidence" will be denied.[3] (ECF 22, 23, 24, 25.)

Ordinarily, the court should afford an unrepresented litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013).

---

[3] The court is cognizant that one of the motions asks the court to "appoint a lawyer," but the bulk of this filing merely reiterates his arguments that he was wrongfully convicted and is entitled to release from custody. (ECF 23.) Assuming this filing can be construed as a proper request for counsel, there is no indication Mr. Crockett made any attempt to obtain counsel on his own, nor is there a reason to believe an attorney could do anything to overcome the legal barriers outlined in this order. *See Watts v. Kidman*, 42 F.4th 755, 763 (7th Cir. 2022); *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)

That does not mean leave to amend always must be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*.

As outlined above, Mr. Crockett is aware of the proper avenue for challenging his state conviction in federal court. However, he appears to be trying to avoid his unsuccessful attempts to obtain relief under the habeas statute by asserting his claims in a civil rights suit. In his prior cases, he has shown himself to be unwilling or unable to follow the court's instructions. The court finds no basis to conclude that if given another opportunity, he could assert a viable federal claim, consistent with the allegations he has already made. Therefore, the case will be dismissed. Given his litigation history to date, the court finds it necessary to caution him that filing additional lawsuits under 42 U.S.C. § 1983 challenging his Indiana murder conviction may result in the imposition of monetary sanctions or filing restrictions.

For these reasons, the court:

(1) DENIES the plaintiff's motions (ECF 22, 23, 24, 25)

(2) DISMISSES this action under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted;

(3) CAUTIONS the plaintiff that filing additional lawsuits under 42 U.S.C. § 1983 challenging his Indiana murder conviction may result in the imposition of monetary sanctions or filing restrictions; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on January 31, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT